IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 17, 2022 Session

## LEXINGTON CHARTER L.P. ET AL. v. FBT OF TENNESSEE INC.

Appeal from the Chancery Court for Shelby County
No. CH-17-0775    JoeDae L. Jenkins, Chancellor

_____

### No. W2021-01138-COA-R3-CV
_____

After counsel for the plaintiff partnership filed a claim for attorney fees in the counsel's firm's own name, limited partners of the partnership sought a right of intervention to oppose the firm's claim. The trial court denied the limited partners' efforts to intervene. We reverse the trial court's conclusion that intervention was not appropriate, vacate the award giving relief to the firm, and remand the case for further proceedings with the limited partners' participation as intervening parties.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Reversed in Part, Vacated in Part, and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

Henry C. Shelton, III, Memphis, Tennessee, and Eric Werrenrath, Winter Park, Florida, for the appellants, RB Affordable Housing and Regions Bank.

Robert L. J. Spence, Jr., and Kristina A. Woo, Memphis, Tennessee, for the appellee, Lexington Charter, L.P.

**OPINION**

**BACKGROUND AND PROCEDURAL HISTORY**

The Appellants in this case, Regions Bank and RB Affordable Housing (collectively, "Regions"),[1] are limited partners of Lexington Charter, L.P. ("Lexington").

---

[1] Our use of this tag to refer to both of the Appellants is consistent with the presentation of the parties' briefs. Moreover, despite the fact that the tag itself encompasses both Regions Bank and RB Affordable Housing as noted, we will sometimes use the referential pronoun "it" in reference to the collective "Regions," just as the parties have done in their briefing.

The present litigation was commenced in May 2017 when Lexington's general partner, Gateway Charter, LLC ("Gateway Charter"), filed a complaint in Lexington's name seeking injunctive relief concerning a threatened foreclosure of the Lexington-owned "Lexington Apartments" and "Charter Oak Apartments" in Memphis. The complaint alleged that a foreclosure sale was not justified and further averred that Lexington had already contracted for the sale of the apartment properties with a Delaware limited liability company. Although the complaint originally named FBT of Tennessee, Inc., as the sole Defendant, the Federal National Mortgage Association ("Fannie Mae") was later substituted as the party in interest in the action.

While temporary injunctive relief was initially granted to Lexington, the referenced sale to the Delaware company ultimately did not close, and eventually, the trial court entered an order allowing a receiver appointed during the course of litigation to sell the properties. Following the later sale of the properties, on December 15, 2020, Lexington, Fannie Mae, and the receiver filed a "Joint Motion to: (I) Approve Accounting, (II) Ratify Actions of Receiver, and (III) Authorize Disbursement, (IV) Closing the Receivership, and (V) Discharging the Receiver." The same day, Regions filed a motion to intervene in order to object to the joint motion. Regions submitted, among other things, that it was premature to discharge the receiver, that Gateway Charter was administratively dissolved at the time, and that the court should forbear the disbursement of any funds to Lexington pending a hearing. The trial court subsequently denied the motion to intervene in an order entered on December 22, 2020. Despite its denial of Regions' intervention request, the court acknowledged the existence of other pending litigation in the trial court involving Regions and Lexington, which the court noted "concerns the rights and responsibility under the partnership agreement entered into between Regions and Plaintiff." According to the court, "[a]ny issue Regions desires to advance concerning the partnership agreement can be raised and protected in this pending case." In a separate order entered on December 22, 2020, the trial court authorized the receiver to immediately disburse nearly $3,000,000.00 in funds to Fannie Mae and over $380,000.00 into the court's registry.

The following month, on January 19, 2021, non-party the Spence Law Firm, PLLC (the "Spence Firm"), which was counsel for Lexington, filed a motion in the name of the law firm seeking to recover over $300,000.00 for fees and expenses it asserted had been incurred during the course of litigation. This motion for fees and expenses (the "Fee Motion") alleged that the cash proceeds in the court's registry should be used to satisfy fees and expenses that the Spence Firm claimed were a debt owed under Lexington's partnership agreement. Two days after the Fee Motion was filed, Regions filed a "Motion to Amend Order Denying Regions Bank's Motion to Intervene," which although somewhat inartfully drafted, clearly evidenced in part a desire to intervene for the purpose of objecting to the Spence Firm's recently-filed Fee Motion. Indeed, Lexington has specifically acknowledged as such on appeal, noting that the motion "sought a limited right of intervention to oppose the Motion for Attorney Fees and Expenses." In a contemporaneously-filed memorandum offered in support of this second motion to

intervene, Regions argued that the trial court had previously implied that it "would hold the sale proceeds, in which Regions and RBAH unquestionably have interests as the Limited Partners, pending the filing of a proposed pleading by Regions and a hearing thereon in [the other litigation pending in the trial court]." Regarding the Spence Firm's new request for fees and expenses, Regions argued that the partnership agreement provided that "Regions and RBAH get 90.01% of proceeds net after [certain payments]," and Regions noted that it opposed the Spence Firm's position that the firm was entitled to fees under the partnership agreement. Regions noted that the general partner's right to engage an attorney on behalf of the partnership was subject to restrictions, and it argued that "[i]t deserves at least the opportunity to intervene and respond to the Motion for Fees and/or in the alternative to have the instant motion and any and all other claims to the sale proceeds consolidated and heard in [the other litigation pending in the trial court]." Regions subsequently filed an "Objection" outlining the bases for its opposition to the Spence Firm's Fee Motion, and later, it filed an "Amended Objection."

During a March 30, 2021, hearing, the trial court appeared to signal that it found favor in Regions' recent request to intervene insofar as it stated that it would "consider your objection." Yet, when the trial court actually addressed the new request to intervene by written order entered on April 19, 2021, it formally backtracked from its earlier signal that intervention was proper under the circumstances and ruled that Regions did not have the right to intervene regarding the Fee Motion, holding in pertinent part that the "attempt to intervene, again . . . is not well taken."[2] In addition to ruling that Regions should not be allowed to intervene to contest the Spence Firm's Fee Motion, the April 19, 2021, order also addressed the Fee Motion itself and held that the court clerk should issue a check in the amount of $239,500.00 made payable to the Spence Firm "in payment for attorney's fees and expenses incurred incidental to and resulting from the sale of the Properties."[3]

Within thirty days of the entry of the April 19, 2021, order, on May 18, 2021, Regions filed a motion to amend the order pursuant to Rule 59.04 of the Tennessee Rules of Civil Procedure. As we construe the motion, it generally addressed two concerns: (a) challenging the court's ruling on intervention regarding the Fee Motion and (b) challenging the court's substantive ruling on the Fee Motion.[4] Ultimately, on September 9, 2021, the trial court entered an order denying Regions' motion to amend the April 19, 2021, order.

---

[2] Curiously, despite the court's holding on this issue, it also stated that it had given "due consideration" to Regions' "Objection" and "Amended Objection."

[3] Regions submits that "[n]o oral argument was permitted" during a hearing concerning the Fee Motion and has complained that certain matters were decided "*sua sponte* without allowing Regions an opportunity" to address them.

[4] As evidenced by the discussion contained later in this Opinion, Regions' effort to challenge the substantive ruling on the Fee Motion was without basis insofar as the trial court did not make Regions a party to the case. However, as discussed herein, Regions permissibly pursued its Rule 59 motion regarding the intervention issue and in seeking an appeal of the intervention issue upon the trial court's adjudication of the Rule 59 motion.

This appeal soon followed with the filing of a notice of appeal by Regions on September 23, 2021.

## DISCUSSION

On appeal, Regions presents a number of issues for our review. In addition to asserting that the trial court erred in denying its request to intervene to contest the Spence Firm's Fee Motion and in subsequently denying a motion to alter or amend said ruling, Regions alternatively submits that the court implicitly granted it intervention and argues, on the merits, that the order awarding fees to the Spence Firm was in error. For its part, Lexington raises a number of issues in an attempt to establish that Regions did not timely appeal the denial of its initial motion to intervene, that the denial of said motion was appropriate, and that the present appeal is improper.

Concerning Lexington's general efforts to cast this appeal as improper because there was no timely appeal of the order denying Regions' initial motion to intervene, we note at the outset that there does not appear to be any dispute by Regions that it is not attempting to appeal that order. In fact, at the oral argument of this matter, Regions' counsel stated that the court's resolution of the initial motion to intervene "suited" Regions[5] and expressly indicated that Regions was proceeding under its second request to intervene. This is also evident from Regions' briefing. For instance, in the summary of argument contained in its principal brief, Regions argues that "[i]t was a clear error of law and unjust to deny the request to intervene for the limited purpose of objecting to and opposing the fee motion."[6]

The raised intervention issue clearly before us, then, is whether the trial court erred in not allowing Regions to intervene to contest the Spence Firm's Fee Motion, a motion and claim for relief that had not been a part of the case until after the denial of Regions' initial motion to intervene. As discussed below, we conclude that Regions timely pursued an appeal on this issue and that the trial court erred in denying intervention to Regions to contest the claim asserted by the Spence Firm.

As noted earlier, the second request to intervene by Regions was made two days after a new issue was injected into the case by way of the non-party Spence Firm's Fee Motion. Although the trial court concluded that Regions' attempt to intervene "again" was "not well taken" when it addressed the matter in its April 19, 2021, order, Regions has, as

---

[5] As to this matter, we observe that Regions' principal brief stated that, notwithstanding the court's denial of the request to intervene, it had "ultimately granted a portion of the relief requested by Regions."

[6] The raised issue appearing at the outset of Regions' brief also notes that the intervention request at issue "was narrowly tailored to objecting to and opposing the claims raised for the first time in the Fee Motion." Lest there be any doubt, Regions also specifically acknowledges in its reply brief that it "did not appeal" the court's order denying its initial request to intervene, while specifically noting that "the denial of the second request to intervene regarding the Fee Motion is the subject of this appeal."

referenced above, actually offered alternative arguments as to how this order should be interpreted. Indeed, although Regions has argued that the trial court erred in denying its request to intervene to contest the Spence Firm's Fee Motion, it has also maintained that the court implicitly granted it intervention on this issue. Discerning the nature of the trial court's ruling is obviously not without consequence, for if Regions was not made a party in the trial court, it lacks standing to attempt an appeal of the substantive issues adjudicated with respect to the Fee Motion. Having considered the issue, we conclude that the trial court *did not* make Regions a party to the case. We reach this conclusion because, although the court's order confusingly purported to give consideration to certain filings by Regions and therefore acted inconsistently with the stated decision to deny intervention, the court's ruling that Regions should not be allowed to intervene and should not be considered a party was itself clear and definitive. That further error may be attributable to the court here for how it proceeded in light of its resolution of a threshold question (whether Regions should be permitted intervention on the Fee Motion) does not in our view disturb the clearly-expressed holding that Regions' effort to intervene "again" was "not well taken." Because Regions was not made a party in the trial court, we do not entertain its effort to challenge the substantive merits of the Fee Motion in the present appeal. Its effort to appeal the denial of its second request to intervene, however, is a proper subject of review. Indeed, as we previously outlined, after the trial court denied Regions' request to intervene vis-à-vis the Fee Motion, Regions filed a timely Rule 59 motion seeking in part for the trial court to alter this decision as to intervention. Then, within thirty days after the trial court denied the Rule 59 motion in an order entered September 9, 2021, Regions filed its notice of appeal. Although Lexington specifically argues that "[n]o appeal lies" from the September 9, 2021, order, we disagree. In connection with our analysis of this matter, we also necessarily reject a general suggestion made by Lexington during the course of this appeal that Rule 59 motions are not available to litigants who have been denied intervention and seek to alter or amend said ruling.

As we have noted, the second request to intervene was addressed—and rejected—in the trial court's April 19, 2021, order. This order was appealable under the authority of the newly-added Rule 24.05 of the Tennessee Rules of Civil Procedure, which provides that any order granting or denying a motion to intervene "shall be a final judgment for purposes of Tenn. R. App. P. 3." Tenn. R. Civ. P. 24.05. As the accompanying Advisory Commission Comment explains:

> **The 2018 amendment adds subsection 24.05, which, <u>in conjunction with the changes to Rule 54, Tennessee Rules of Civil Procedure, and Rules 3 and 4, Tennessee Rules of Appellate Procedure</u>, provides for an appeal as of right from a trial court's order granting or denying a motion to intervene**. Effective July 1, 2018, any order granting or denying a motion to intervene shall be a final judgment, and a timely appeal of that final judgement shall be the only method to appeal the grant or denial of a motion to intervene.

(emphases added). Although Regions did not immediately appeal to this Court following the entry of the April 19, 2021, order, it did not have to do so given that it first filed a timely Rule 59 motion concerning the court's ruling on its second request to intervene. Indeed, the changes to the appellate rules referenced in the Advisory Commission Comment above clarify that the terms "party" and "parties," as used in those rules, include persons who have filed a motion to intervene, *see* Tenn. R. App. P. 3(i); Tenn. R. App. P. 4(f), and under Rule 4(b) of the Tennessee Rules of Appellate Procedure, if a timely motion is filed in the trial court by "any party" seeking relief under Rule 59.04, the time for appeal shall run from the entry of the order denying the motion. Tenn. R. App. P. 4(b). Thus, although the order denying Regions' second request to intervene was appealable, the timely filing of a Rule 59 motion regarding the denial of intervention allowed for Regions to timely appeal to this Court within thirty days after the ultimate denial of its Rule 59 motion. The appeal on the intervention issue, as it relates to the Fee Motion by the Spence Firm, is appropriate and timely.

The remaining question, therefore, is whether the trial court erred in denying Regions' request to intervene to contest the Spence Firm's Fee Motion. Here, although Regions did not specifically state that it was seeking intervention as of right when it sought to contest the Fee Motion in the trial court, it appears to argue on appeal that it should have been allowed to intervene as of right under Rule 24.01 of the Tennessee Rules of Civil Procedure. That rule provides for intervention when, among other circumstances, "the movant claims an interest relating to the property or transaction which is the subject of the action and the movant is so situated that the disposition of the action may as a practical matter impair or impede the movant's ability to protect that interest, unless the movant's interest is adequately represented by existing parties." Tenn. R. Civ. P. 24.01. A person "does not automatically become a party to an action simply by filing a motion to intervene." *Carson v. Challenger Corp.*, No. W2006-00558-COA-R3-CV, 2007 WL 177575, at *4 (Tenn. Ct. App. Jan. 25, 2007). Rather, "[t]he court must determine whether the movant's interest is substantial and not adequately represented, as well as whether the motion was timely, in deciding whether the motion to intervene should be granted or denied." *Id.* On appeal, "[t]he standard of review . . . for the denial of intervention as of right is de novo, except for the timeliness of the application which is reviewed under an abuse of discretion standard." *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 191 (Tenn. 2000).

As noted earlier in this Opinion, the trial court initially appeared to signal that intervention as to the Spence Firm's Fee Motion was proper inasmuch as it orally stated during a hearing that it would consider Regions' filed objection. In our view, such a signal was a clearly correct one, and intervention should have been granted to Regions by subsequent written order. Regions had alerted the court to its significant interest in the funds which the non-party Spence Firm's new Fee Motion threatened, and it is apparent from the record that no party before the trial court was going to represent Regions' interests on the matter. The only discernible explanation offered by the trial court for rejecting the validity of Regions' effort to intervene on the fee issue in its subsequent written order is

that the court regarded the relief as having been sought belatedly.  Indeed, in the sentence preceding its conclusion that the "attempt to intervene, again, . . . is not well taken," the trial court noted that it had previously considered and denied the initial motion to intervene by Regions as untimely.  The implication from the trial court appears to be that, because the first motion was untimely, so too is Regions' second request to intervene.  The propriety of the trial court's timeliness conclusion regarding the initial motion to intervene is not before us, as the order denying that motion was not appealed, but it does not logically follow that the court's denial of the first motion to intervene by Regions necessitated the denial of Regions' second request, which was made for different purposes and in response to a new claim that had been asserted affecting Regions' interests.  Indeed, in terms of Regions' timeliness, the record shows that Regions acted promptly upon the Spence Firm's filing of the Fee Motion, asserting a limited right of intervention regarding that issue within two days of the Spence Firm's filing.  If it was not untimely for the non-party Spence Firm to assert a substantive claim in its name to the funds at this stage of the proceedings,[7] certainly, when Regions was aware of the assertion of such a claim, it was not untimely under these facts for it to seek to interpose a defense, within days, to the Spence Firm's request for relief.  The trial court's effective conclusion to the contrary was an abuse of discretion.

Because we conclude that the facts of this case reveal that Regions' second request to intervene was not untimely and that intervention should have been granted to Regions to contest the Fee Motion, we hereby vacate the trial court's award of fees and expenses to the Spence Firm pursuant to its April 19, 2021, order and direct that the court reconsider the propriety of such requested relief with Regions' full participation as an intervening party.

## CONCLUSION

For the reasons stated herein, we reverse the trial court's decision in denying Regions' request to intervene to oppose the Spence Firm's Fee Motion, vacate the award to the Spence Firm in the April 19, 2021, order, and remand the case for further proceedings that are consistent with this Opinion.

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE

---

[7] Although the attorneys in the Spence Firm were counsel for Lexington in the case, the firm itself was not a party to the case.  If anything, by countenancing the Spence Firm's claim for relief, the court effectively and impliedly ruled that it should be allowed to intervene in the case.